UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RAYMOND D. LEAVITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 8-132-B-W |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDED DECISION ON
MOTION FOR RULE 65(a) ORDER (DOC. NO. 50)**

Raymond Leavitt filed a motion with this Court requesting that it take judicial notice of the "issue" of retaliatory transfer of prisoners involved in litigation against the state correctional authorities and issue an injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure that would prohibit prison authorities from transferring him from the Maine State Prison to another institution during the pendency of his lawsuit. Leavitt is suing multiple defendants alleging that, as an HIV-infected prisoner, he has received constitutionally inadequate medical care and that his rights have been violated under the Americans with Disabilities Act.  His lawsuit has been pending in this court since April 24, 2008.  There have been over sixty-five docket entries in the case, discovery is ongoing, and certain of the named defendants have filed dispositive motions that Leavitt responded to in a timely fashion.  There is no indication in Leavitt's motion, the accompanying affidavit, or the docket activity that he has personally been threatened with any retaliatory transfer or other action that would impede his ability to prosecute his case.  Based upon the record before the court, I recommend the court deny the motion.

**Discussion**

The purpose of a preliminary injunction, in most cases, is to maintain the status quo by preserving the movant's equitable rights pending a final disposition. Mank v. Green, 297 F. Supp. 2d 297, 304 (D. Me. 2003). In order for Leavitt to obtain a preliminary injunction requiring the defendants to refrain from transferring him, the Court must find that the following criteria are met:

> (1) that Raymond Leavitt has exhibited a likelihood of success on the merits (at most, a probability; at least, a substantial possibility);
>
> (2) that Leavitt will suffer irreparable injury if the injunction is not granted;
>
> (3) that such injury outweighs any harm which granting the injunctive relief would inflict on the defendants; and
>
> (4) the effect (if any) of the court's ruling on the public interest.

See Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 70 (D. Me. 1993). Following this familiar flowchart, I begin my discussion with the likelihood that Leavitt will prevail in his 42 U.S.C. § 1983 civil rights claim and ADA claim in the underlying action, "the main bearing wall" of the four-part test. Ross-Simons of Warwick, 102 F.3d at 16.

While prisoner litigation is not often successful, Leavitt's case certainly appears to be nonfrivolous. His claim that he was denied appropriate medication for a life threatening illness for over fifteen months cannot be dismissed out of hand and if he can ultimately muster the necessary evidence to prove his allegations there could be at least a substantial possibility of success on the merits. I would not recommend denial of this motion on the first prong of the four-part test.

Nevertheless, Leavitt has not shown that he will suffer an irreparable injury if this motion is not granted. As the correctional defendants point out in their opposition to the motion, the alleged fact that it is common knowledge that the Department of Corrections transfers prisoners as a "litigation tactic" is not the sort of fact that is subject to "judicial notice." Rule 201(b) of the Federal Rules of Evidence allows a court to take judicial notice of an adjudicative fact if: (1) it is a fact that is generally known within the territorial jurisdiction of the trial court or 2) it is a fact that is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. A fact that is generally known within the territorial jurisdiction of this court is a fact that would "exist in the unaided memory of the populace." U.S. v. Bello, 194 F.3d 18, 23 (1st Cir. 1999). Leavitt makes no evidentiary showing of irreparable harm to himself, other than his claim that the Department of Corrections is likely to engage in a "litigation tactic" that would result in harm to him because of his inability to access the court in the event of a transfer. This court cannot "judicially notice" such a fact, and the empirical evidence that is available to the court in this case, i.e., the docket activity in this very case, suggests there is no reason to believe that Leavitt's transfer to another institution is likely, absent some intervening circumstance.

In the event that Leavitt were actually transferred to another institution in retaliation for this lawsuit and that transfer resulted in his inability to continue the prosecution of his lawsuit, he could refile his motion and the Court would then perhaps have before it an evidentiary basis for a finding of irreparable harm and could issue curative injunctive relief. However, on the present record Leavitt has failed to show that

3

there is <u>any</u> likelihood of irreparable harm to him and therefore the court cannot issue injunctive relief at this point.

## Conclusion

Based upon the foregoing I recommend that the Court deny the motion for Rule 65 relief.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

January 5, 2009